Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Christopher R. Houk, AZ Bar #020843
Equal Employment Opportunity
Commission, Phoenix District Office
3300 N. Central Ave., Suite 690
Telephone: (602) 640-5049
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
       sally.shanley@eeoc.gov
       christopher.houk@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>  Plaintiff,<br><br>  vs.<br><br>Swissport Fueling, Inc.,<br><br>  Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMAND)** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, national origin, and/or color and to provide appropriate relief to a class of Black African (including Sudanese, Nigerian, Ghanaian, and/or Sierra Leonean) Phoenix Sky Harbor Airport fuelers ("Claimants") who were adversely affected by such practices during their employment by Swissport Fueling, Inc. The Equal Employment Opportunity Commission alleges that the Claimants were subjected to harassment by Swissport managers because of their race, national origin and/or color. The EEOC also alleges that the Claimants were subjected to retaliation when they complained of the harassment. The retaliation included, but was not limited to, changes in the terms and conditions of their

employment, a change of Swissport's leave policy, and the suspension and termination of one Claimant.  Finally, the EEOC alleges that Defendant failed to promote one of the Claimants because of his race, color and national origin, African.  Finally, the EEOC alleges that one of the Claimants was constructively discharged.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times Defendant Swissport Fueling, Inc., a Delaware corporation, has continuously been doing business in the State of Arizona and the City of Phoenix, Arizona and has continuously had at least fifteen employees.

5. At all relevant times Defendant Swissport Fueling, Inc. has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. Since at least May 2005, Defendant Swissport has engaged in unlawful employment practices at its Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These unlawful employment practices include the harassment of the charging parties and a class of African fuelers because of their race, national origin and/or color, which created a hostile work environment. These practices include, but are not limited to, the following:

   a. Christian Pelkey, Swissport's Operations manager for the Southwest Airlines account, routinely called the charging parties and class of African fuelers "Monkeys" for a period of more than two years.

   b. Mr. Pelkey called the fuelers "Monkeys" in a number of degrading ways. Mr. Pelkey called the fuelers "Monkeys" in anger, such as "What are you doing here, Monkeys?" Mr. Pelkey also called at least one fueler "Monkey" as a replacement for the fuelers' first name.

   c. Mr. Pelkey also called the fuelers "black monkeys," explicitly adding the racial or color component.

   d. Mr. Pelkey ridiculed the culture of the fuelers by making derogatory statements about the fuelers' lunches. Mr. Pelkey described their food as "monkey soup."

   e. Mr. Pelkey further made demeaning references to slavery to the fuelers. For example, Mr. Pelkey stated the following: "You guys are lucky I pay you because way back then, you did not get paid." "You are lucky to be paid. A long time ago blacks were doing this for free." "At one time, you people would not be paid." "Blacks work for free."

   f. The term "Monkeys" was offensive to the fuelers because it reduced the fuelers to animals. Many of the fuelers told Mr. Pelkey directly that his reference to them as monkeys was unwelcome and they told Pelkey not to address them as such because they are not monkeys.

7. Mr. Pelkey's repeated use of the derogatory name "Monkey," in the manner and frequency with which he used it, is both severe and pervasive and created a hostile work environment based on the Claimants race, national origin and/or color.

8. Defendant knew or should have known about the hostile work environment and failed to promptly correct the harassment. The fuelers complained orally to Swissport's General Manager in charge of all of Swissport's Phoenix Sky Harbor Airport Operations about Pelkey's harassment. The harassment did not stop after the verbal complaints. In May 2007, the fuelers complained in writing about Mr. Pelkey's harassment and Mr. Pelkey's repeated use of the word "monkey" to Mr. Vescio. Mr. Vescio admits receiving the complaint letter. The letter is captioned "Subject Matters: "Black as a Monkey" and is signed by over twenty-five African fuelers. While the harassment ceased for a short time after the written complaint, the name calling and hostile work environment started up again and continued.

9. Since at least May 2005, Defendant Swissport has engaged in unlawful employment practices at its Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) when it failed to promote Obariya Oliachu, on the basis of his race, national origin and/or color.

10. Since at least May 2007, Defendant Swissport has engaged in unlawful employment practices at its Arizona facility in violation of Section 704(a) of Title VII, 42 U.S.C.§ 2000e-2(a) when it retaliated against the Claimants for opposing the hostile work environment based on race, national origin and/or color. This retaliation included, but was not limited to the following:

   a. Subjecting the Claimants to increased scrutiny in their work and increased discipline for minor infractions of the rules.
   b. Threatening to not hire any more African fuelers because they were too much "trouble."
   c. Changing the application of the leave policy, so that the African fuelers had to resign in order to take sufficient leave to visit family in Africa, thereby

4

    having to reapply resulting in lower pay rates and loss of seniority and benefits.

  d. Suspending and terminating at least one fueler after he complained of harassment.

11. Since at least June 2008, Defendant Swissport has engaged in unlawful employment practices at its Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C § 2000e-2(a) when it constructively discharged Lewis Andoh because the discriminatory treatment had made the workplace intolerable and he was compelled to resign.

12. The effect of the practices complained of in Paragraphs 6-11 above has been to deprive the Claimants of equal employment opportunities and otherwise adversely affect their status as employees because of their race, national origin, and/or color and in retaliation for their opposition to the hostile work environment on the basis of race, national origin and/or color and to cause the constructive discharge of the Claimants.

13. The unlawful employment practices complained of in Paragraphs 6-11 were intentional.

14. The unlawful employment practices complained of in Paragraphs 6-11 above were done with malice and/or with reckless indifference to the federally protected rights of the Claimants employed by Swissport.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Swissport, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in the discrimination against, harassment of, and retaliation against employees because of race, national origin, and/or color and any other employment practice which discriminates on the basis of race, national origin, and/or color.

5

     B.     Order Defendant Swissport to institute and carry out policies, practices, and programs which provide equal employment opportunities for African and Black employees and those employees who opposed the hostile work environment, and which eradicate the effects of its past and present unlawful employment practices.

     C.     Order Defendant Swissport to make whole the Claimants by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu of reinstatement.

     D.     Order Defendant Swissport to make whole charging parties and a class of African fuelers, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 6-11 above, including job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

     E.     Order Defendant Swissport to pay Claimants by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 6-11 above, including, but not limited to, emotional pain, suffering, physical injury, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

     F.     Order Defendant Swissport to pay Claimants punitive damages for its malicious and/or reckless conduct described in Paragraphs 6-11 above, in amounts to be determined at trial.

     G.     Grant such further relief as the Court deems necessary and proper in the public interest.

     H.     Award the Commission its costs of this action.

## JURY DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 30th day of September, 2010.

>P. DAVID LOPEZ
>General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
>131 M Street, NE 5th Floor
>Washington, D.C. 20507-0004
>
>/s/ Mary Jo O'Neill
>MARY JO O'NEILL
>Regional Attorney
>
>/s/ Sally C. Shanley
>SALLY C. SHANLEY
>Supervisory Trial Attorney
>
>/s/ Christopher R. Houk
>CHRISTOPHER R. HOUK
>Trial Attorney
>
>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION- PHOENIX DISTRICT OFFICE
>3300 N. Central Ave., Ste. 690
>Phoenix, AZ 85012