**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>vs.<br><br>Swissport Fueling, Inc.,<br><br>Defendant. | No. CV-10-2101-PHX-GMS<br><br>**ORDER** |

Pending before this Court is Defendant Swissport Fueling Inc.'s Motion to Limit Class, Doc. 75. For the reasons set forth below the Court grants that motion in part.

## Background

In May 2007, two Swissport fuelers filed discrimination charges with the EEOC. At Plaintiff's request, Defendant provided Plaintiff with a list of potential class member fueler employees for the period back to 2005, along with the employees' contact information and dates of employment. For the next three years the EEOC conducted its investigation and, on June 11, 2010 issued 18 separate letters of determination finding reasonable cause against Swissport. That determination lead to an unsuccessful conciliation process with the Defendant. During the conciliation, Plaintiff represented the interests of identified class members. When conciliation was unsuccessful, Plaintiff filed its complaint at the end of September 2010 pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of

1  1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (2003).

2  According to that complaint, since May 2005 Defendant Swissport has unlawfully
3  failed to promote Obariya Oliachu, on the basis of his race, national origin and/or color. The
4  Complaint further alleges that since that same date, Defendant has been unlawfully harassing
5  "the charging parties" and a class of African fuelers because of their race national origin
6  and/or color and created a hostile working environment.  The complaint also alleges that
7  since at least May 2007, Swissport has engaged in unlawful employment practices "when it
8  retaliated against the Claimants for opposing the hostile work environment based on race,
9  national origin and/or color." The complaint alleges that since at least June 2008, Defendant
10 has engaged in unlawful employment practices at its Arizona facility 'when it constructively
11 discharged Lewis Andoh because the discriminatory treatment had made the workplace
12 intolerable and he was compelled to resign." The effect of the above practices, the complaint
13 finally alleges, has caused "the constructive discharge of the Claimants." The Complaint
14 requests injunctive relief, damages and equitable relief such as back pay, reinstatement
15 and/or front pay as well as punitive damages.

16 At the scheduling conference, Plaintiff indicated that it currently had 17 class
17 members, and stated that "We think we can find, or we'd like to try to find additional class
18 members." To this request the Court responded: "Well, Im actually going to – I'm not going
19 to allow amendment past 60 days.  So to add class members, to me, is an amendment.
20 You've got 60 days to find class members, unless you can tell my why, in light of the
21 extensive period that you've already had to do that, I should give you more time."

22 The Court made this determination given the information provided to the Plaintiff by
23 the Defendant more than three years earlier that disclosed the members of the potential
24 charging class, the great period of time that had intervened including a conciliation process
25 in which Plaintiffs identified and represented the interests of the aggrieved former employers,
26 the time that had intervened from the initiation of the lawsuit, as well as the need for
27 Defendants to be able to conduct successful discovery during the period allotted for
28 discovery

1  Within the sixty days allowed by the Court, Plaintiff did not file an amended
2  complaint, nor did it specifically identify additional class members that it desired to add to
3  the class. Rather, it stated to the Court that it had identified and disclosed 102 total claimants
4  or potential claimants and wanted an extension until December 16, 2011, three months prior
5  to the close of discovery, to identify potential class claimants. Without specifying when,
6  Plaintiff stated that it had sent letters to the 188 fuelers for which it had contact information
7  and approximately 103 of those letters were returned as undeliverable. Plaintiff asserted that
8  many of the addressees had changed addresses--not surprising if the Plaintiff had taken three
9  years from receiving their contact information to actually attempt to contact them-- and that
10 many traveled for extensive periods out of the country. Plaintiff stated that it was continuing
11 to use public databases to attempt to find current contact information. Plaintiff also stated
12 that it was further expanding the scope of its request to Defendant. It now wanted Defendant
13 to identify fueler employees back to 2001 and wanted additional time in which to recruit
14 additional possible class members from this list of past employees. Defendant objected
15 urging, among other grounds, the lack of jurisdiction, in light of Plaintiff's failure to
16 conciliate the claims of new claimants it was seeking to add to the litigation .

17 In declining to rule on this motion, the Court ordered:

> To the extent that the identification of claimants would require the EEOC to seek to amend its pleadings, the Court will determine at the time of the proposed amendment whether such a modification in the Scheduling Order is both justified by "good cause," see Fed. R. Civ. P. 16, and by the moving party's diligence in the matter. *See Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604 (9th Cir. 1992). In the absence of any proposed motion to amend, the Court cannot determine whether the EEOC has been sufficiently diligent to justify the proposed extension. Therefore, the Court declines to rule on the EEOC's motion as unripe. To the extent that the EEOC takes the position that no amendment is necessary, the Scheduling order has a discovery deadline that will continue to govern this action. The parties are advised to cooperate to insure that all parties are timely aware of all potential claimants to ensure successful discovery within the parameters of that deadline.

25 The EEOC has apparently treated this order as authorization to continue to seek to add
26 class members throughout the course of the litigation on a rolling basis by so informing the
27 Defendant in disclosure statements, and without seeking leave of the Court to do so. As a
28 result, Defendant filed its motion to limit class. It does so both in light of the Court's earlier

- 3 -

1 rulings at the scheduling conference about the need to identify class members within sixty
2 days of the scheduling conference, and further based on the limitations period set by the
3 statute itself. 42 U.S.C. § 2000e-5(e)(1).

    The Court has never deviated from its determination that Plaintiffs were required to identify the members of the class for whom they seek individual relief in this action within sixty days of the date of the scheduling conference. Further the Court has never deviated from its view that after that date, June 28, 2011, it would require Plaintiff to establish good cause, and thus previous diligent efforts to identify members of the class, prior to permitting Plaintiff to seek individual relief on behalf of additional members of the charging class. Frankly, the Court acknowledges that the wording of its order refusing to act on the Plaintiff's motion to amend was not as clear as it should have been. In seeking to recognize that, as a technical matter, Plaintiff might not need to amend the complaint to seek to add members of the charging class on whose behalf the Plaintiff sought individual relief, the Court did not make it precisely clear that Plaintiff nevertheless would have to establish good cause before seeking to add additional persons on whose behalf it sought relief.

    While recognizing that there still might be unidentified members of the class, the Court entered its previous scheduling order in light of the extensive time that Plaintiff has had to identify individuals on whose behalf it seeks relief, and the need for Defendant to have adequate time to conduct adequate discovery from those persons. In any of the motions or responses filed, Plaintiff has yet to identify or establish to this Court, individuals on whose behalf it seeks to assert relief that it had not identified prior to June 28, 2011, and any reasons approaching good cause, why those persons were not previously identified. To the extent that Plaintiff has set forth generic reasons why it should still be able to seek to identify class members, those reasons are rejected in light of the years that the Plaintiff has had to identify such class members and the failure of Plaintiff to set forth any good faith reason why such steps were not earlier taken

    Therefore, absent demonstrating "good cause" why this Court should allow Plaintiff to seek individual relief for aggrieved employees who were identified to Defendant after June

1 28, 2011, Plaintiff is precluded from doing so. Because, given the above determination, it is
2 not yet clear to the Court that any ruling is required on the preclusive effect of 42 U.S.C. §
3 2000e-5(e)(1) on the claims that Plaintiff seeks to assert on behalf of former employees, the
4 Court defers ruling on that motion.

5       **IT IS THEREFORE ORDERED** that the Motion (Doc. 75) is granted in part.
6 Plaintiff is precluded from seeking to assert individual relief for aggrieved employees who
7 were not identified to Defendants prior to June 28, 2011 absent a finding by the Court of
8 "good cause" for Plaintiff's failure to identify the class member by June 28, 2011 to the
9 Defendant as a person on whose behalf Plaintiff was affirmatively seeking relief.

10       DATED this 12th day of January, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 5 -